**MAYALL HURLEY P.C.**
**ROBERT J. WASSERMAN (SBN: 258538)**
rwasserman@mayallaw.com
**WILLIAM J. GORHAM (SBN: 151773)**
wgorham@mayallaw.com
**NICHOLAS J. SCARDIGLI (SBN: 249947)**
nscardigli@mayallaw.com
**VLADIMIR J. KOZINA (SBN: 284645)**
vjkozina@mayallaw.com
**2453 Grand Canal Boulevard**
**Stockton, California 95207-8253**
**Telephone: (209) 477-3833**
**Facsimile: (209) 473-4818**

**Attorneys for Plaintiff LaCrisha Bilog and the Putative Class**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LACRISHA BILOG, an individual,**<br><br>   Plaintiff,<br><br>vs.<br><br>**PROGRESSIVE CASUALTY INSURANCE COMPANY, and DOES 1-100, inclusive,**<br><br>   Defendants. | **Case No.:**<br><br>**CLASS ACTION AND COLLECTIVE ACTION**<br>**COMPLAINT FOR**<br><br>1. **FAILURE TO PAY OVERTIME**<br>2. **FAILURE TO PAY ALL WAGES DUE UPON CESSATION OF EMPLOYMENT**<br>3. **FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**<br>4. **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff LaCrisha Bilog brings this class and collective action against Progressive Casualty Ins. Co. and Does 1 through 100, for violations of the Fair Labor Standards Act, the California Labor Code, and the California Business and Professions Code.

/ / /

/ / /

/ / /

# PARTIES

1. LaCrisha Bilog ("Ms. Bilog" or "Plaintiff") is and at all times relevant herein was employed in Sacramento, California, and was an "employee" as defined by the Fair Labor Standards Act, the California Labor Code, and the applicable California Industrial Wage Commission ("IWC") Order(s).

2. Progressive Casualty Insurance Company ("Progressive" or "Defendant") is an Ohio corporation which, at all times relevant herein, was an "employer" as defined by the Fair Labor Standards Act, the California Labor Code, and the applicable California Industrial Wage Commission ("IWC") Order(s).

3. Progressive and Does 1-100 are collectively referred to as Defendants.

4. Plaintiff is not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sues such Defendants by these fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries and damages herein alleged were legally caused by such Defendants. Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

5. Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action. Each Defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

/ / /

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1337, and 29 U.S.C. § 216(b). Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the unlawful acts alleged herein took place in Sacramento, California and Plaintiff's place of employment with Defendants was within this District. Plaintiff hereby demands a jury trial.

## GENERAL ALLEGATIONS

7. Plaintiff worked for Progressive from approximately November 2015 through April 2019.

8. At all times during Plaintiff's employment she was a non-exempt employee who was eligible for overtime pay under all applicable statutes, rules, and regulations, both California and federal.

9. Plaintiff and Defendants' other non-exempt employees were also eligible for commissions, non-discretionary bonuses, and other items of compensation.

10. These commissions, non-discretionary bonuses, and other items of compensation included, but were not limited to, performance and wellness bonuses, "gainshare", "Non Tobacco Use" credits, "R&R Earned", and shift differentials.

11. However, throughout her employment, Defendants failed to properly calculate and pay the overtime wages owed to Plaintiff and its other non-exempt employees.

12. At times, Defendants failed to include all commissions earned when determining their employees' "regular rate of pay" for purposes of overtime.

13. At times, Defendants failed to include all non-discretionary bonuses earned when determining their employees' "regular rate of pay" for purposes of overtime.

14. At times, Defendants failed to include all other items of compensation earned when determining their employees' "regular rate of pay" for purposes of overtime.

15. On other instances, Defendants failed to properly calculate and pay the overtime wages owed to Plaintiff and their other non-exempt employees because they failed to properly account for all commissions earned when determining their employees' "regular rate of pay" for purposes of overtime.

16. On other instances, Defendants failed to properly calculate and pay the overtime wages owed to Plaintiff and their other non-exempt employees because they failed to properly account for all non-discretionary bonuses earned when determining their employees' "regular rate of pay" for purposes of overtime.

17. On other instances, Defendants failed to properly calculate and pay the overtime wages owed to Plaintiff and their other non-exempt employees because they failed to properly account for all other items of compensation earned when determining their employees' "regular rate of pay" for purposes of overtime.

18. Consequently, Plaintiff and Defendants' other non-exempt employees who received commissions, non-discretionary bonuses and/or other items of compensation aside from their regular hourly rate, and who worked overtime were not adequately paid for all of the overtime they worked.

19. When her employment ended, Defendants issued Plaintiff her final paycheck. However, this payment did not include the balance of unpaid overtime, adjusting the regular rate to incorporate the commissions, non-discretionary bonuses, and/or other items of compensation paid to Plaintiff.

20. Defendants still have not paid those unpaid wages.

21. Because Plaintiff and Defendants' other former non-exempt California employees, who earned commissions, non-discretionary bonuses, and/or other items of compensation and worked overtime, were not properly paid their overtime wages, they were also not timely paid all wages due and owing to them at the end of their employment.

22. Because of the violations set forth above, the wage statements furnished by Defendants to their non-exempt California employees who earned commissions, non-discretionary bonuses, and/or other items of compensation and worked overtime violated California Labor Code sections 226(a) insofar as they failed to accurately show:

    a. The gross wages earned, in violation of section 226(a)(1);
    b. The total hours worked in violation of section 226(a)(2);
    c. The net wages earned, in violation of section 226(a)(5); and
    d. All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

23. Defendants were, at all times relevant herein, aware of the requirements of California Labor Code section 226.

24. Defendants have, at all times relevant herein, furnished wage statements to each of their California employees pursuant to an established set of policies, procedures and practices.

25. Plaintiff and Defendants' other California employees, both current and former, have suffered injury as a result of Defendants' knowing and intentional failure to comply with California Labor Code section 226(a).

26. Plaintiff and Defendants' other non-exempt California employees, both current and former, who earned commissions, non-discretionary bonuses, and/or other items of compensation, were unable to promptly and easily determine their gross wages earned from the wage statements furnished by Defendants.

27. Plaintiff and Defendants' other non-exempt California employees, both current and former, who earned commissions, non-discretionary bonuses, and/or other items of compensation, have suffered injury as a result of Defendants' knowing and intentional failure to furnish wage statements accurately showing the gross wages earned by them in violation of California Labor Code section 226(a)(1).

28. Plaintiff and Defendants' other non-exempt California employees, both current and former, who earned commissions, non-discretionary bonuses, and/or other items of compensation, were unable to promptly and easily determine their total hours worked from the wage statements furnished by Defendants.

29. Plaintiff and Defendants' other non-exempt California employees, both current and former, who earned commissions, non-discretionary bonuses, and/or other items of compensation, have suffered injury as a result of Defendants' knowing and intentional failure to furnish wage statements accurately showing the total hours worked by them in violation of California Labor Code section 226(a)(2).

/ / /

/ / /

30. Plaintiff and Defendants' other non-exempt California employees, both current and former, who earned commissions, non-discretionary bonuses, and/or other items of compensation, were unable to promptly and easily determine their net wages earned from the wage statements furnished by Defendants.

31. Plaintiff and Defendants' other non-exempt California employees, both current and former, who earned commissions, non-discretionary bonuses, and/or other items of compensation, have suffered injury as a result of Defendants' knowing and intentional failure to furnish wage statements accurately showing the net wages earned by them in violation of California Labor Code section 226(a)(5).

32. Plaintiff and Defendants' other non-exempt California employees, both current and former, who earned commissions, non-discretionary bonuses, and/or other items of compensation, were unable to promptly and easily determine all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate from the wage statements furnished by Defendants.

33. Plaintiff and Defendants' other non-exempt California employees, both current and former, who earned commissions, non-discretionary bonuses, and/or other items of compensation, have suffered injury as a result of Defendants' knowing and intentional failure to furnish wage statements accurately showing all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

34. From at least four years prior to the filing of this action, Defendants have adopted and employed unfair business practices. These unfair business practices include, but are not limited to, failing to properly incorporate the value of commissions, non-discretionary bonuses and/or other items of compensation, into the regular rate of pay for purposes of calculating the applicable overtime rate, and thus failing to pay all overtime wages due.

/ / /

/ / /

/ / /

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff seeks to maintain her first cause of action as an "opt-in" collective action pursuant to 29 U.S. 216(b) as to claims for overtime, liquidated damages (or, alternatively, interest) and attorneys' fees under the FLSA. In addition to Plaintiff, numerous other current and former hourly, non-exempt employees of Defendants who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime are similarly situated in that Defendants failed to properly calculate their "regular rate of pay", and to pay their overtime accordingly. Plaintiff is a representative of those other current and former employees and is acting on behalf of their interests as well as her own in bringing this action. These similarly situated employees are known to Defendants, are readily identifiable, and may be located through Defendants' records. These similarly situated employees may be readily notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees under the FLSA.

## CLASS ACTION ALLEGATIONS

36. Plaintiff seeks to maintain this action as a class action as to the First through Fourth Causes of Action. Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The putative class which Plaintiff seeks to represent consists of the following:

    a. All current and former non-exempt employees of Defendants who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime during one or more pay periods from July 3, 2016 through the date of final judgment (the "Regular Rate Class");

    b. All current and former non-exempt California employees of Defendants who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime during one or more pay periods from July 3, 2015 through the date of final judgment (the "California Regular Rate Class");

      c.    All current and former non-exempt California employees of Defendants who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime during one or more pay periods from July 3, 2015 through the date of final judgment, and whose employment ended between July, 2016 and the date of final judgment (the "California Waiting Time Penalty Class"); and

      d.    All current and former non-exempt California employees of Defendants who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime during one or more pay periods from July 3, 2018 through the date of final judgment (the "California Wage Statement Class").

The Regular Rate Class, California Regular Rate Class, the California Waiting Time Penalty Class, and California Wage Statement Class are collectively referred to as the Class.

37. The class of persons is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court. Plaintiff is informed and believes, and based thereon alleges, that Defendants employ more than 1,000 employees who satisfy the class definition. Although the exact number and identity of class members is not presently known, they can be identified in Defendants' records through coordinated discovery pursuant to this class action.

38. This action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure because the questions of law and fact which are common to class members clearly predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.

39. There are numerous common questions of law and fact arising out of Defendants' conduct. This class action focuses on Defendants': (a) uniform miscalculation of the "regular rate of pay" of its hourly, non-exempt employees as well as the underpayments that flow therefrom; (b) systemic failure to pay all wages due and owing to its non-exempt California employees at the end of their employment; and (c) systematic violations of Labor Code section 226(a).

40. Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the class. The predominating common or class-wide questions of law and fact include the following:

    a. Whether Defendants miscalculated the "regular rate of pay" of their non-exempt employees who received commissions, non-discretionary bonuses and/or other items of compensation;

    b. Whether Defendants underpaid their hourly, non-exempt employees because of the miscalculation of their "regular rate of pay";

    c. Whether Defendants failed to include commissions, non-discretionary bonuses and/or other items of compensation when determining their hourly, non-exempt employees' "regular rate of pay" for purposes of overtime;

    d. Whether Defendants, because of their failure to include commissions, non-discretionary bonuses and/or other items of compensation when determining their hourly, non-exempt California employees' "regular rate of pay" for purposes of overtime, failed to time pay such employees when their employment ended;

    e. Whether the wage statements Defendants furnish to their California employees comply with Labor Code section 226(a)(1), (5), and (9);

    f. Whether the alleged violations constitute unfair business practices;

    g. Whether the Class is entitled to injunctive relief; and

    h. Whether the Class is entitled to unpaid wages, statutory penalties and/or restitutionary relief, and the amount of the same.

41. Plaintiff's claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the alleged violations of Defendants. Plaintiff's claims are typical of those of the Class because Defendants subjected Plaintiff and each member of the Class to the same violations alleged herein.

42. The defenses of Defendants, to the extent that such defenses apply, are applicable generally to the whole Class and are not distinguishable as to the proposed class members.

43. Plaintiff will fairly and adequately protect the interests of all members of the Class, and has retained attorneys with extensive experience in litigation, including class and representative actions. Plaintiff has no interests that conflict with those of the Class. Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in her best interest to prosecute the claims alleged herein in order to obtain the full compensation due herself and the other class members.

44. A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because 1) joinder of individual class members is not practicable, 2) litigating the claims of individual class members would be unnecessarily costly and burdensome and would deter individual claims, 3) litigating the claims of individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, 4) class members still working for Defendants may be fearful of retaliation if they were to bring individual claims, 5) class members would be discouraged from pursuing individual claims because the damages available to them are relatively small, and 6) public policy encourages the use of the class actions to enforce employment laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

45. Judicial economy will be served by maintenance of this lawsuit as a class action. To process numerous virtually identical individual cases will significantly increase the expense on the Court, the class members, and Defendants, all while unnecessarily delaying the resolution of this matter. There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

46. Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

/ / /

/ / /

/ / /

Class and Collective Action Complaint
Page 10 of 15

# FIRST CAUSE OF ACTION
## VIOLATION OF FAIR LABOR STANDARDS ACT AND CALIFORNIA LABOR CODE §§ 510 & 1198
### (Failure to Pay Overtime)
### Against Defendants

47. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

48. The Fair Labor Standards Act, 29 USC §§ 201 et seq. and 29 CFR §§ 778 et seq., requires time-and-a-half pay for the time an employee works over forty hours a week.

49. Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

50. Pursuant to California Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

51. The "regular rate of pay" includes all remuneration for employment paid to the employee and includes, but is not limited to, hourly earnings, salary, piece work earnings, commissions, non-discretionary bonuses, and the value of meals and lodging.  See 29 U.S.C. § 207(e); DLSE Enforcement Policies and Interpretations Manual Section 49.

52. During the relevant time period, Plaintiff and Defendants' other hourly, non-exempt employees regularly worked overtime.

53. During the relevant time period, Defendants failed to include commissions, non-discretionary bonuses and/or other items of compensation, when determining the "regular rate of pay" for Plaintiff and their hourly, non-exempt employees.

54. During the relevant time period, Defendants failed to properly calculate the "regular rate of pay" for Plaintiff and their other hourly, non-exempt employees.

55. During the relevant time period, Defendants intentionally and willfully failed to pay the proper overtime wages due to Plaintiff and their hourly, non-exempt employees.

56. Wherefore, Plaintiff and the other members of the Regular Rate Class and the California Regular Rate Class have been injured as set forth above and request relief as hereafter provided.

**SECOND CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 201, ET SEQ.**
**(Failure to Pay All Wages Due Upon Termination)**
**Against Defendants**

57. Plaintiff hereby realleges and incorporates by reference each and every paragraph set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

58. California Labor Code section 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

59. California Labor Code section 202 requires an employer to pay an employee all earned wages within 72 hours of the employee quitting his or her employment, or immediately at the time of quitting if the employee has given 72 hours previous notice of his or her intention to quit.

60. As set forth above, Plaintiff and the other members of the California Waiting Time Penalty Class were not timely paid all of their earned but unpaid wages when their employment with Defendants ended.

61. Wherefore, Plaintiff and the other members of the California Waiting Time Penalty Class have been injured as set forth above and request relief as hereafter provided.

/ / /

/ / /

### THIRD CAUSE OF ACTION
### VIOLATION OF LABOR CODE § 226(a)
### (Failure to Furnish Accurate Itemized Wage Statements)
### Against Defendants

62. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

63. Pursuant to California Labor Code section 226(a) "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee [. . .], (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number, (8) the name and address of the legal entity that is the employer [. . .], (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee and, if the employer is a temporary services employer [. . .], the rate of pay and the total hours worked for each temporary services assignment."

64. An employee suffering injury as a result of the knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.  Labor Code § 226(e)(1).

65. An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one or more of the items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine

from the wage statement alone, i) the amount of gross/net wages paid to the employee during the pay period or any of the other information required to be provided pursuant to Labor Code section 226(a) items (2) to (4), inclusive, (6) and (9), ii) deductions made by the employer, iii) the name and address of the employer and iv) the name of the employee and the last four digits of his or her social security number or employee identification number.  Labor Code § 226(e)(2)(A) and (B)(i)-(iv).  "Promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information.  Labor Code § 226(e)(2)(C).

66. As set forth above, Defendants intentionally and willfully failed to furnish accurate itemized wage statements which complied with Labor Code section 226.

67. Wherefore, Plaintiff, the other members of the California Wage Statement Class have been injured as set forth above and request relief as hereafter provided.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ*.**
**(Unfair Business Practices)**
**By Plaintiff and the California Regular Rate Class Against Defendants**

68. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

69. The statutory violations, as alleged above, are unfair business practices within the meaning of the Unfair Competition Law (Business and Professions Code sections 17200 *et seq*), and include, but are not limited to failing to properly calculate the "regular rate of pay" for its non-exempt employees, and to pay overtime accordingly.

70. Wherefore, Plaintiff and the other members of the Class have been damaged as set forth above and request relief as hereafter provided.

/ / /

/ / /

/ / /

/ / /

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

**As to the First through Fourth Causes of Action:**

1. That this Court certify the Class identified in Paragraph 36;
2. That this Court certify Plaintiff as the representative of the Class identified in Paragraph 36;
3. That this Court certify Mayall Hurley, P.C. as attorneys for the Class identified in Paragraph 36;
4. That this Court award actual, compensatory, special, and general damages as well as restitutionary relief to Plaintiff and the members of the Class;
5. That this Court award injunctive relief, including that available under Labor Code section 226(h) and Business and Professions Code Section 17203;
6. That this Court award penalties and liquidated damages including, but not limited to, those available under 29 U.S.C. 216(b) and Labor Code sections 203, 226 and 1194.2;
7. That this Court award statutory attorneys' fees and costs, including those available under 29 U.S.C. § 216(b), Labor Code sections 218.5, 226(e)(1), 226(h) and 1194, as well as Code of Civil Procedure section 1021.5;
8. That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and
9. That this Court award such other and further relief as the court deems just and proper.

**DATED:** July 3, 2019                                **MAYALL HURLEY P.C.**

By _____*/s/ Robert J. Wasserman*_____
ROBERT J. WASSERMAN
VLADIMIR J. KOZINA
Attorneys for Plaintiff and the Putative Class