SEYFARTH SHAW LLP
Simon L. Yang (SBN 260286)
syang@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017
Telephone:    (213) 270-9600
Facsimile:     (213) 270-9601

SEYFARTH SHAW LLP
Phillip J. Ebsworth (SBN 311026)
pebsworth@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone:    (916) 448-0159
Facsimile:     (916) 558-4839

Attorneys for Defendant
PROGRESSIVE CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACRISHA BILOG, an individual<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-01236-MCE-CKD<br><br>**DEFENDANT PROGRESSIVE CASUALTY INSURANCE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)**<br><br>Hearing Date:  December 5, 2019<br>Time:               2.00 p.m.<br>Courtroom:      7<br>Judge:              Hon. Morrison C. England<br><br>Complaint Filed:  July 3, 2019<br>FAC Filed:           September 26, 2019 |

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ............................................................................................................... 1

II.   SUMMARY OF THE FIRST AMENDED COMPLAINT ................................................ 2

III.   LEGAL STANDARD ......................................................................................................... 3

     A.   A Complaint Is Subject To A Motion To Dismiss For Failure To State Facts Sufficient To Constitute A Claim. ........................................................................... 3

     B.   A Court May Strike Claims Because Of Insufficient Fact-Based Pleadings. .................. 3

IV.   ARGUMENT ....................................................................................................................... 4

     A.   The FAC Must Be Dismissed For Failing To Meet The Minimum Pleading Standards Under Rule 8(a) To State Facts Supporting Even Individual Claims. ............ 4

          1.   The First Claim For Failure To Pay Overtime Must Be Dismissed For Lack Of Factual Support. ................................................................................... 4

          2.   The Second Claim For Failure To Pay All Wages Due Upon Cessation Of Employment Must Be Dismissed. ................................................................ 6

          3.   The Third Claim For Failure To Furnish Accurate Itemized Wage Statements Must Be Dismissed And Improper Allegations Stricken. ................. 8

          4.   Plaintiff's Fourth Claim For Unfair Competition Must Be Dismissed .............. 10

     B.   The Class Definition And Allegations Fail To Meet Minimum Pleading Standards. ........................................................................................................... 10

V.   CONCLUSION ................................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In re Adobe Sys. Privacy Lit.*,
   66 F. Supp. 3d 1197 (N.D. Cal. 2014) ..................................................................................6

*Anderson v. Blockbuster Inc.*,
   No. 2:10-cv-00158-MCE-GGH, 2010 WL 1797249 (E.D. Cal. May 4, 2010)
   (England, J.) ..................................................................................................................5, 7, 13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...........................................................................................3, 5, 11, 13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................... *passim*

*Brown v. Hain Celestial Grp.*,
   913 F. Supp. 2d 881 (N.D. Cal. 2012) .................................................................................4

*Bush v. Vaco Technology Services, LLC*,
   No. 17-cv-05605-BLF, 2018 WL 2047807, (N.D. Cal. May 2, 2018) .........................5, 12

*Byrd v. Masonite Corp.*,
   No. EDCV 16-35 JGB (KKx), 2016 WL 756523 (C.D. Cal. Feb. 25, 2016) ...............4, 13

*Chavez v. RSCR California, Inc.*,
   No. 2:18-cv-03137-JAM-AC, 2019 WL 1367812 (E.D. Cal. Mar. 26, 2019) ....................8

*de Rios v. Gerard Roof Products, LLC*,
   No. 5:18-CV-1163 SJO, 2018 WL 6016952 (C.D. Cal. Sep. 4, 2018) ...............................8

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011) ...............................................................................................8

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993) .............................................................................................3

*Flores v. Starwood Hotels & Resorts Worldwide, Inc.*,
   No. SACV 14–1093 AG (ANx), 2015 WL 12912337 (C.D. Cal. Mar. 16, 2015) ..........12

*Gen. Tel. Co. of Sw. v. Falcon*,
   457 U.S. 147 (1982) .............................................................................................................4

*Haggard v. WinCo Foods, LLC*,
   No. 2:18-cv-01797-MCE-EFB, 2019 WL 172864 (E.D. Cal. Jan. 11, 2019)
   (England, J.) ..................................................................................................................4, 9, 13

*Herron v. Best Buy Stores, L.P.*,
    No. 12–cv–02103–GEB–JFM, 2014 WL 5514176 (E.D. Cal. Oct. 31, 2014) ................................. 9

*Hodczak v. Latrobe Specialty Steel Co.*,
    No. 08-649, 2009 WL 911311 (W.D. Penn., Mar. 31, 2009) ............................................................ 11

*Holak v. Kmart Corp.*,
    No. 1:12–CV–00304 AWI MJS, 2012 WL 6202298 (E.D. Cal. Dec. 12, 2012) .............................. 9

*Johnson v. WinCo Foods, LLC*,
    No. ED CV 17-2288-DOC, 2018 WL 6017012 (E.D. Cal. Apr. 2, 2018) ........................................ 5

*Landers v. Quality Communications, Inc.*,
    771 F.3d 638 (9th Cir. 2014) ................................................................................................ 4, 5, 13

*Landry v. Peter Pan Bus Lines, Inc.*,
    No. 09-11012-RWZ, 2009 WL 9417053 (D. Mass. Nov. 20, 2009) ............................................... 10

*Luna v. Universal City Studios Productions LLLP*,
    No. CV 12–9286 PSG, 2013 WL 12308201 (C.D. Cal. Mar. 29, 2013) ......................................... 9

*Mauro v. General Motors Corp.*,
    No. CIV-S-07-892 FCD GGH, 2008 WL 2775004 (E.D. Cal. Jul. 15, 2008) ................................. 10

*Mendez v. H.J. Heinz Company, L.P.*,
    No. CV 12-5652-GHK, 2012 WL 12888526 (C.D. Cal. Nov. 13, 2012) ........................................ 12

*Morrelli v. Corizon Health, Inc.*,
    No. 1:18-cv-1395-LJO-SAB, 2018 WL 6201950 (E.D. Cal. Nov. 28, 2018) ................................. 7

*Nelson v. Dollar Tree Stores, Inc.*,
    No. 2:11–CV–01334 JAM–CMK, 2011 WL 3568498 (E.D. Cal. Aug. 15, 2011) ......................... 9

*Nicholas v. CMRE Fin. Servs.*,
    No. 08-04857 (JLL), 2009 WL 1652275 (D.N.J. June 11, 2009) .................................................. 11

*Ovieda v. Sodexo Operations, LLC*,
    No. CV-12-1750-GHK, 2012 WL 1627237 (C.D. Cal. May 7, 2012) ...................................... 10, 12

*Peralta v. Wonderful Citrus Packing LLC*,
    No. 1:15-cv-00263-TLN-JLT, 2016 WL 726908 (E.D. Cal. Feb. 24, 2016) .................................. 6

*Perez v. Performance Food Grp.*,
    No. 15-cv-02390-HSG, 2016 WL 1161508 (N.D. Cal. Mar. 23, 2016) .......................................... 7

*Perez v. Wells Fargo and Co.*,
    75 F. Supp. 3d 1184 (N.D. Cal. 2014) .......................................................................................... 5

*Quevedo v. Macy's Inc.*,
    No. CV 09-01522 GAF, 2009 WL 10655207 (C.D. Cal. July 6, 2009) ......................................... 6

*Raphael v. Tesoro Refining and Marketing Co.*,
  No. 2:15-cv-02862 ODW(Ex), 2015 WL 4127905 (C.D. Cal. July 8, 2015) ................................. 4

*Roberson v. Danny Ontiveros Trucking*,
  No. CV-F-08-0552 LJO SMS, 2008 WL 4809960 (E.D. Cal. Nov. 3, 2008) ............................... 10

*Sanders v. Apple, Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009) ........................................................................................... 4

*Segal v. Aquent LLC*,
  No. 18cv346-LAB (JLB), 2018 WL 4599754 (S.D. Cal. Sep. 24, 2018) ...................................... 6

*Smith v. Level 3 Communications Inc.*,
  No. C 14-05036 WHA, 2014 WL 7463803 (N.D. Cal. Dec. 30, 2014) ......................................... 7

*Suarez v. Bank of America Corp.*,
  No. 18-cv-01202-MEJ, 2018 WL 2431473 (N.D. Cal. May 30, 2018) ......................................... 8

*Tan v. GrubHub Inc.*,
  171 F. Supp. 3d 998 (N.D. Cal. 2016) ....................................................................................... 5, 6

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ....................................................................................................................... 8

*Walsh v. Nev. Dep't of Human Resources*,
  471 F.3d 1033 (9th Cir. 2006) ....................................................................................................... 8

*Warth v. Seldin*,
  422 U.S. 490 (1975) ....................................................................................................................... 6

**State Cases**

*Dailey v. Sears, Roebuck and Co*,
  214 Cal. App. 4th 974 (2013) ........................................................................................................ 8

*Ingels v. Westwood One Broadcasting Services, Inc.*,
  129 Cal. App. 4th 1050 (2005) ...................................................................................................... 9

**Federal Statutes**

Fair Labor Standards Act ........................................................................................... 2, 4, 10, 13

**State Statutes**

Bus. & Prof. Code § 17200 ................................................................................................... 2, 12

Labor Code § 201 .................................................................................................................. 6, 7

Labor Code § 202 .................................................................................................................. 6, 7

Labor Code § 203 ..................................................................................................................... 7

Labor Code § 226 ............................................................................................................. 2, 7, 8, 9

Private Attorneys General Act ..................................................................................................... 2

**Rules**

Rule 8 ....................................................................................................................... 2, 3, 4, 10, 11

Rule 12(b)(6) ........................................................................................................................ 3, 10

Rule 12(f) ..................................................................................................................................... 3

Rule 23 ................................................................................................................................ 11, 13

## I.   INTRODUCTION

Federal pleading standards do not impose onerous burdens on plaintiffs. But Plaintiff Lacrisha Bilog cannot sue her former employer without alleging at least the minimal facts to support plausible claims. Defendant Progressive Casualty Insurance Group thus moved to strike improper allegations and to dismiss her Complaint in its entirety for failing to allege facts, state plausible claims, and meet federal pleading standards. Rather than oppose Defendant's motion, Plaintiff requested that Defendant stipulate to the filing of a First Amended Complaint ("FAC").

The FAC fails to remedy the deficiencies in the initial Complaint. In sum, the FAC asserts, but fails to show, entitlement to relief for the purported claim for unpaid overtime or for three derivative claims for untimely pay upon termination, inaccurate wage statements, and unfair competition.

*First*, like the initial Complaint, the FAC consists of conclusory assertions that repeat the language of the Labor Code that could apply to any plaintiff-employee and defendant-employer. But the FAC fails to supply the factual allegations that would apply those Labor Code requirements to Plaintiff and Defendant and support plausible claims.

*Second*, the scant factual allegations make some claims improper. For example, the FAC seeks relief that, as a former employee, Plaintiff has no standing to pursue as a matter of law. These claims must also be dismissed without leave to amend.

*Third*, while the FAC fails to supply even the factual allegations to support plausible individual claims, Plaintiff pursues a putative class, collective, and representative action consisting of all current and former non-exempt employees of Defendant regardless of the positions they held, their varying job duties, or their different work locations. Relying solely on conclusory references to "policies, practices, or procedures," the FAC fails to plausibly support her purported Labor Code or Fair Labor Standards Act ("FLSA") claims and fails to allege any facts that explain what caused all non-exempt employees to suffer the same supposed wage and hour violations that Plaintiff allegedly suffered. Indeed, the FAC fails to even distinguish the different Labor Code and FLSA standards applicable to her claims. As such, Plaintiff's class, collective, and representative allegations must also be dismissed or stricken.

The law is clear—"Rule 8(a)(2) … requires a showing, rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). While the FAC fails to state even plausible individual claims for Plaintiff, it also fails to state any facts to support the purported class claims. Accordingly, the Court must dismiss the FAC for failing to state plausible individual and class claims.

## II.   SUMMARY OF THE FIRST AMENDED COMPLAINT

The FAC purports to allege five causes of action for: (1) failure to pay overtime; (2) failure to pay all wages due upon cessation of employment; (3) failure to furnish accurate itemized wage statements; (4) violation of Business and Professions Code section 17200; and (5) penalties under the Labor Code Private Attorneys General Act ("PAGA").

It states that Plaintiff worked for Defendant from approximately November 2015 through April 2019. (FAC, ¶ 7.) Much like the initial Complaint, the remaining allegations are pleaded generally and lack any specificity. The FAC alleges Defendant failed to correctly calculate the regular rate of pay during pay periods in which Plaintiff and putative class members worked overtime and "received commissions, non-discretionary bonuses and/or other items of compensation," and thus failed to pay Plaintiff and the putative class members all of their unpaid wages when their employment ended, and provided inaccurate wage statements to Plaintiff and the putative class members. (FAC, ¶¶ 12-18.) In an attempt to address the initial Complaint's deficiencies, the FAC attaches several Exhibits. The FAC supplies further conclusory assertions about the Exhibits but fails to add factual allegations that make Plaintiff's claims plausible. Instead, they merely highlight the FAC's failure to allege plausible claims.

Based on the conclusory assertions, Plaintiff pursues claims on behalf of a class comprised of all current and former non-exempt employees of Defendant from July 3, 2015, through the date of final judgment. (FAC, ¶ 43.) Plaintiff also seeks to represent four sub-classes and represent all current and former "aggrieved employees." (FAC, ¶¶ 43, 79-80.) The FAC further alleges that whether and how often Defendant violated the FLSA and California Labor Code and Wage Orders are common questions that predominate over individual issues and alleges, in conclusory fashion, that all the requirements for class certification are satisfied. (FAC, ¶¶ 44-53.)

## III. LEGAL STANDARD

### A. A Complaint Is Subject To A Motion To Dismiss For Failure To State Facts Sufficient To Constitute A Claim.

To state a claim, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). As the Supreme Court has explained, a "short and plain statement" under Rule 8 demands more than a mere "the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, pleadings offering labels, legal conclusions, or naked assertions devoid of further factual support fail to state a claim upon which relief may be granted. *Id.*; *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions … .") (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. But courts need not accept legal conclusions as true. *Id*. Likewise, "a formulaic recitation of the elements of a claim will not do." *Id*. Claims only have plausibility when they contain sufficient factual content to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

Thus, under *Twombly* and *Iqbal*, the Court must engage in a two-pronged analysis to determine the sufficiency of the factual allegations of a complaint. *Id.* at 678-79. First, the Court identifies and disregards legal conclusions because they are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555). Second, the Court determines whether the remaining allegations, if taken as true, present a plausible claim for relief. *Id*. at 679. "But where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (*citing* FED. R. CIV. P. 8(a)(2)).

### B. A Court May Strike Claims Because Of Insufficient Fact-Based Pleadings.

Moreover, "[p]ursuant to Rule 12(f), a party may [also] move to strike from a pleading 'any insufficient … redundant, immaterial, or impertinent and scandalous matter.'" FED. R. CIV. P. 12(f). Immaterial matter is that which has no essential or important relationship to the claim for relief or the

defenses being pleaded. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). Furthermore, courts may strike class allegations at the pleading stage if it is "plain enough from the pleadings" that the class claims cannot be maintained. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim."); *see also Brown v. Hain Celestial Grp.*, 913 F. Supp. 2d 881, 887 (N.D. Cal. 2012); *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 989-90 (N.D. Cal. 2009).

## IV. ARGUMENT

### A. The FAC Must Be Dismissed For Failing To Meet The Minimum Pleading Standards Under Rule 8(a) To State Facts Supporting Even Individual Claims.

Under the Ninth Circuit's decision in *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014), which considered Rule 8(a)'s pleading requirements for minimum wage and overtime claims, the FAC fails to state plausible claims for unpaid wages or overtime (and thus also fails to state a derivative claim for waiting-time penalties).[1] Though the Ninth Circuit recognized that "detailed factual allegations" are not required, it noted that a plaintiff must still allege some facts in addition to mere conclusory assertions. *Id.* at 644.

### 1. The First Claim For Failure To Pay Overtime Must Be Dismissed For Lack Of Factual Support.

The FAC lacks factual allegations and suffers from the same deficiencies that the Court and numerous others have held insufficient under the *Landers* standard. Indeed, the FAC simply offers labels and legal conclusions before concluding that Plaintiff was improperly paid overtime. No information is provided as to the circumstances—including when, or for what reason, if any[2]—under

---

[1] As the Court recently noted, although *Landers* addressed wage claims asserted under the Fair Labor Standards Act ("FLSA"), courts have found its reasoning applies to wage claims asserted under the California Labor Code as well. *Haggard v. WinCo Foods, LLC*, No. 2:18-cv-01797-MCE-EFB, 2019 WL 172864, at *2 (E.D. Cal. Jan. 11, 2019) (England, J.); *see also Byrd v. Masonite Corp.*, No. EDCV 16-35 JGB (KKx), 2016 WL 756523, at *3 n.5 (C.D. Cal. Feb. 25, 2016); *Raphael v. Tesoro Refining and Mktg. Co.*, No. 2:15-cv-02862 ODW (Ex), 2015 WL 4127905, at *2 n.3 (C.D. Cal. July 8, 2015).

[2] Setting aside the complete failure to support the conclusory assertion that a payment was a "non-discretionary bonus," the FAC alleges only when Plaintiff "received" the payment, not when it was earned. FAC ¶ 19. This is a critical omission from the pleadings. A plausible claim for regular-rate

4

which Plaintiff was purportedly paid "commissions, non-discretionary bonuses, and other items of compensation" such that her regular rate of pay failed to include these amounts. Plaintiff does not even allege the amount of overtime wages she believes she is owed.

The amendments to the initial Complaint within the FAC merely provide additional labels and legal conclusions.[3] The FAC alleges that Plaintiff "earned a non-discretionary" bonus which was not included in the calculation of Plaintiff's regular rate for purposes of overtime. (FAC, ¶¶ 19-22.)

*First*, the FAC still fails to allege the minimal facts that would require a non-discretionary bonus to be included in regular rate of pay calculations—i.e., that Plaintiff worked overtime hours in the same workweek in which a non-discretionary bonus was earned. The FAC merely alleges that Plaintiff "frequently" or "regularly" worked overtime and Defendant failed to properly calculate the overtime wages owed to Plaintiff. (FAC, ¶¶ 9-18, 59-62.) Such allegations also do not meet federal pleading standards. *See Bush v. Vaco Tech. Servs., LLC*, No. 17-cv-05605-BLF, 2018 WL 2047807, at *9 (N.D. Cal. May 2, 2018) (bare assertion that plaintiff "regularly" worked overtime is conclusory and insufficient under *Landers*); *Tan v. GrubHub Inc.*, 171 F. Supp. 3d 998, 1007 (N.D. Cal. 2016) (conclusory allegations that class members 'regularly' or "regularly and consistently" worked more than 40 hours per week, without any further detail, fall short of *Twombly/Iqbal*"); *Perez v. Wells Fargo and Co.*, 75 F. Supp. 3d 1184, 1191 (N.D. Cal. 2014) (same).[4]

*Second*, even if Plaintiff had alleged as much, the FAC provides no factual allegations to support why any of these payments should be assigned the conclusory label of a "non-discretionary bonus"—a legal term of art. Was Plaintiff entitled to the payment as a matter of policy? Or was there some other reason Plaintiff considered the payment non-discretionary? The FAC fails to provide any

---

miscalculation depends on when payments are *earned*, not received. *See* DLSE Policies and Interpretation Manual, § 49.2.

[3] Further, Plaintiff's allegations are demonstrably false on their face. (*See* FAC ¶ 22 which alleges Plaintiff earned a non-discretionary Recognition Award but Plaintiff's wage statement, included and referred to as Exhibit 4, shows that Plaintiff did not receive a Recognition Award.)

[4] In *Tan*, the plaintiff simply alleged that he and putative class members "regularly" worked overtime. *Tan,* 171 F. Supp. 3d 1006-07. The court held that such allegations were devoid of the requisite factual content to allow the court to make a plausible inference that the defendant is liable for the claims and defeat a motion to dismiss. *Id.* Similarly here, Plaintiff alleges that she and putative class members "regularly" worked overtime. (FAC, ¶ 59.) Such bare-bones allegations are devoid of sufficient facts to allow a reasonable inference of liability and are identical to the words the *Tan* plaintiff alleged and the court found insufficient.

particular facts or circumstances. *Johnson v. WinCo Foods, LLC*, No. ED CV 17-2288-DOC (SHKx), 2018 WL 6017012, at* 12 (E.D. Cal. Apr. 2, 2018) (dismissing plaintiff's claim for overtime under a miscalculation of regular rate theory because plaintiff did "not allege any particular facts or circumstances under which Plaintiff or other class members were given shift-differential pay, incentive pay, and or non-discretionary bonuses, which should have been calculated into their overtime rate"); *see Iqbal*, 556 U.S. at 678-79 (assertions that are mere "legal conclusions," are not entitled to the assumption of truth) (*citing Twombly*, 550 U.S. at 555); *Anderson v. Blockbuster Inc.*, No. 2:10-cv-00158-MCE-GGH, 2010 WL 1797249, at *3 (E.D. Cal. May 4, 2010) (England, J.) ("conclusory allegations do not meet minimum pleading requirements.").

*Third*, while the FAC adds conclusory assertions about non-discretionary bonuses, the FAC still fails to allege that Plaintiff ever earned a commission. Nor does it explain what "other items of compensation" means or that Plaintiff even earned such "other item of compensation" (let alone in a workweek in which Plaintiff also worked overtime hours).

*Fourth*, to the extent that Plaintiff is relying on the Exhibits to the FAC, the Exhibits fail to support and, if anything, disprove any unexplained regular-rate miscalculations. None of the exhibits provide any facts or circumstances to suggest any payment would be a "non-discretionary bonus." Neither Exhibits 3 and 4 nor any factual allegations in the FAC address in which workweek any payment is earned, overtime is worked, or overtime rate is paid. Moreover, Exhibits 1 and 5 show no overtime worked (and thus cannot support any allegedly underpaid overtime), while Exhibit 2 shows only that overtime is paid at a rate calculated in excess of 1.5 times the regular hourly rate. In sum, none of the Exhibits shows any facially unlawful overtime payment. They do not permit Plaintiff to avoid her pleading burden.

Because Plaintiff's FAC lacks non-conclusory factual allegations stating a plausible claim for unpaid overtime, the Court should dismiss Plaintiff's first claim for relief.

### 2. The Second Claim For Failure To Pay All Wages Due Upon Cessation Of Employment Must Be Dismissed.

The second claim for failure to pay wages upon termination must also be dismissed. The FAC does not allege the manner in which Plaintiff's employment ended—whether through termination or

resignation. Nonetheless, it alleges claims under both Labor Code Sections 201 and 202. To the extent Plaintiff was terminated, she would not have a claim for relief under Labor Code Section 202, which requires payment of all wages within 72 hours of *resignation*. And, to the extent Plaintiff resigned, she would not have a claim under Labor Code Section 201, which requires payment of wages earned and unpaid at the time of *termination*. In other words, the two claims are mutually exclusive and Plaintiff cannot maintain both. *Quevedo v. Macy's Inc.*, No. CV 09-01522 GAF, 2009 WL 10655207, at *4 (C.D. Cal. July 6, 2009) ("The plain language of sections 201 and 202 indicate that the provisions, though related, are mutually exclusive."). The FAC lacks such basic facts that it cannot be determined for which claim Plaintiff might have standing to sue.[5] As such, the second claim for failure to pay wages upon termination must be dismissed. *Peralta v. Wonderful Citrus Packing LLC*, No. 1:15-cv-00263-TLN-JLT, 2016 WL 726908, at *4 (E.D. Cal. Feb. 24, 2016) (dismissing Labor Code § 202 claim for lack of standing because plaintiff quit her employment and was not terminated); *Segal v. Aquent LLC*, No. 18cv346-LAB (JLB), 2018 WL 4599754, at *6 (S.D. Cal. Sep. 24, 2018) (same).

Moreover, much like the deficient overtime claim, the waiting-time penalties claim also fails because there are no allegations regarding what final wages were owed. *Smith v. Level 3 Communications Inc.*, No. C 14-05036 WHA, 2014 WL 7463803, at *3 (N.D. Cal. Dec. 30, 2014) ("To state a plausible claim under Sections 201 and 203, a plaintiff must allege sufficient detail to plausibly show that the employer willfully and intentionally withheld wages.").

Plaintiff fails to provide any factual support for the claim; the FAC is silent as to how Plaintiff was terminated, when she received her final wages, or what she contends the amount of her final wages should have been. Instead, the FAC simply parrots statutory language and states the conclusion that Defendant violated the law by failing to comply. (FAC, ¶¶ 64-68.) This fails to meet pleading requirements. Such facts must be alleged to present plausible claims for relief under Labor Code section 201 through 203. *See Perez v. Performance Food Grp.*, No. 15-cv-02390-HSG, 2016 WL 1161508, at *5 (N.D. Cal. Mar. 23, 2016) (granting motion to dismiss because plaintiff merely alleged

---

[5] *See In re Adobe Sys. Privacy Lit.*, 66 F. Supp. 3d 1197, 1211 (N.D. Cal. 2014) (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975)) ("In a class action, named plaintiffs representing a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'").

the legal conclusion that defendants willfully failed to pay plaintiff and former employee class members' final wages); *Anderson v. Blockbuster Inc.*, No. 2:10–cv–00158–MCE–GGH, 2010 WL 1797249, at *3 (E.D. Cal., May 4, 2010) (England, J.) (dismissing claims under Labor Code sections 201 and 202; "These conclusory allegations do not meet minimum pleading requirements. Plaintiff fails to state when or how Defendant failed to pay the required wages. Without more, such legal conclusions do not suffice.").

Finally, the claim also fails because it is derivative of the insufficiently pled claim for failure to pay overtime. (FAC, ¶¶ 24-26); *see Morrelli v. Corizon Health, Inc.*, No. 1:18-cv-1395-LJO-SAB, 2018 WL 6201950, at *4-5 (E.D. Cal. Nov. 28, 2018) (dismissing claim for failure to pay all wages owed at termination as derivative of inadequately pleaded claim for unpaid overtime). Because the overtime claim fails (*see supra*, Section IV.A.1), the failure to pay wages upon termination claim likewise must be dismissed.

### 3. The Third Claim For Failure To Furnish Accurate Itemized Wage Statements Must Be Dismissed And Improper Allegations Stricken.

The third claim asserts wage statement violations under Labor Code section 226. The FAC alleges that Defendant's wage statements fail to include the gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. (FAC, ¶¶ 27, 70-74.) As discussed above, under federal pleadings standard, such bare-bones allegations are insufficient to state a plausible claim for relief.

#### a. The wage statement claim also fails to state plausible claims for failing to allege injury.

The allegations also fail to properly allege injury as required by section 226(e)(1). *See de Rios v. Gerard Roof Products, LLC*, No. 5:18-CV-1163 SJO (FFMx), 2018 WL 6016952, at *6 (C.D. Cal. Sep. 4, 2018) (dismissing section 226 claim because plaintiff failed to allege sufficient facts explaining how the wage statement prevented Plaintiff from "promptly and easily" determining the required information); *Suarez v. Bank of America Corp.*, No. 18-cv-01202-MEJ, 2018 WL 2431473, at *13 (N.D. Cal. May 30, 2018) (explaining a plaintiff must allege facts showing *how* the wage statements prevented her from "promptly and easily determining" the requisite information) (emphasis added).

### b. The wage statement claim improperly seeks injunctive relief for which Plaintiff lacks standing.

Even if Plaintiff could pursue wage statement claims, Plaintiff lacks standing to pursue injunctive relief. Indeed, former employees lack standing to bring a claim for injunctive relief against their employers because such employees do not stand to benefit from the injunction. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364 (2011); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011) (finding that named plaintiffs in a class action case lack standing to sue for injunctive relief regardless of whether the certified class included both current and former employees of the defendant-employer); *Walsh v. Nev. Dep't of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) (holding that former employee "lacked standing to sue for injunctive relief from which she would not likely benefit"); *Nelson v. Dollar Tree Stores, Inc.*, No. 2:11–CV–01334 JAM–CMK, 2011 WL 3568498, at *5 (E.D. Cal. Aug. 15, 2011) (former employee lacked standing to seek injunctive relief because there was no imminent risk of irreparable injury from defendant's purportedly unlawful conduct; nor would plaintiff benefit from an injunction at his former place of work).

Here, the FAC alleges that "Plaintiff worked for Progressive from approximately November 2015 through April 2019." (FAC ¶ 7.) As a result, Plaintiff is a former employee with no imminent risk of irreparable injury and would not benefit from an injunction against Defendant. Accordingly, the allegations in the FAC that Plaintiff is entitled to injunctive relief under Labor Code section 226(h) are improper and must be dismissed. *Luna v. Universal City Studios Prods. LLP*, No. CV 12–9286 PSG (SSx), 2013 WL 12308201, at *8 (C.D. Cal. Mar. 29, 2013) (dismissing Plaintiff's claim under section 226(h) without leave to amend as a former employee has no standing to seek injunctive relief under section 226(h)); *Holak v. Kmart Corp.*, No. 1:12–CV–00304 AWI MJS, 2012 WL 6202298, at *8 (E.D. Cal. Dec. 12, 2012) ("An injunction "to ensure compliance" with Section 226(a) is a form of prospective relief that necessarily affects only current and future employees.").

### c. The wage statement claim also must be dismissed as derivative of the insufficiently pled overtime claim.

Finally, the claim also fails because it is derivative of the insufficiently pled claim for failure to pay overtime. *Chavez v. RSCR California, Inc.*, No. 2:18-cv-03137-JAM-AC, 2019 WL 1367812, at

9

*3 (E.D. Cal. Mar. 26, 2019) (granting motion to dismiss because plaintiff's Labor Code section 226 claim was inadequately pleaded as well as her claims upon which her Labor Code section 226 claim was dependent on); *Dailey v. Sears, Roebuck and Co*, 214 Cal. App. 4th 974, 1002 (2013) (dismissing the plaintiff's Labor Code section 226 claim because it was derivative of plaintiff's main claims regarding failure to pay overtime wages and provide uninterrupted rest and meal periods). Because Plaintiff's claims for unpaid overtime and waiting penalties fail, Plaintiff's derivative section 226 claim also fails. (*See* FAC, ¶ 27.) Therefore, because the FAC lacks non-conclusory factual allegations stating plausible claims for section 226 violations, the third claim must also be dismissed for this reason.

### 4. Plaintiff's Fourth Claim For Unfair Competition Must Be Dismissed

Like the claims for waiting time penalties and inaccurate wage statements, the fourth claim for unfair competition also is entirely derivative of other failing claims. For that reason, it also must be dismissed. Indeed, the unfair competition claim does not allege a violation of separate or distinct primary rights, instead relying on the underlying violations of the Labor Code as alleged in the first, second, and third claims. (FAC, ¶¶ 39, 76.)

As the Court recently explained in another matter, because the FAC fails to state a cause of action for each of those underlying claims, the derivative claims likewise must be dismissed. *Haggard v. WinCo Foods, LLC*, No. 2:18-cv-01797-MCE-EFB, 2019 WL 172864, at *4 (E.D. Cal. Jan. 11, 2019) (England, J.); *accord Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) (affirming that "[i]f the [underlying] claim is dismissed, then there is no unlawful act upon which to base the derivative [UCL] claim"); *accord Herron v. Best Buy Stores, L.P.*, No. 12–cv–02103–GEB–JFM, 2014 WL 5514176, at *4 (E.D. Cal. Oct. 31, 2014).

### B. The Class Definition And Allegations Fail To Meet Minimum Pleading Standards.

Plaintiff seeks to represent a class of "[a]ll current and former non-exempt employees of Defendants who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime during one or more pay periods from July 3, 2015 through the date of final judgment." (FAC, ¶ 43.) Although courts generally refrain from ruling on the issue of class certification at the pleadings stage, Plaintiff must still plead specific facts showing an entitlement to

relief on a class-wide basis. *See Ovieda v. Sodexo Ops., LLC*, No. CV-12-1750-GHK (SSx), 2012 WL 1627237, at *4 (C.D. Cal. May 7, 2012) (dismissing employment class allegations that do not meet minimum pleading requirements as "more troubling" than individual claims). Because Plaintiff has failed to meet basic Rule 8(a) standards, the Court should dismiss or strike the class-action allegations.[6]

Class action allegations are insufficient where the complaint merely states, as does the FAC here, that "an unspecified number of individuals, working in unspecified jobs, at unspecified places, were compensated according to an unspecified policy or practice, resulting in an underpayment of wages[.]" *See e.g. Landry v. Peter Pan Bus Lines, Inc.*, No. 09-11012-RWZ, 2009 WL 9417053, at *3-4 (D. Mass. Nov. 20, 2009) (dismissing FLSA collective action claims under Rule 12(b)(6)). Indeed, courts routinely recognize that class action allegations unsupported with substantive facts may be dismissed or struck at the pleading stage. *Roberson v. Danny Ontiveros Trucking*, No. CV-F-08-0552 LJO SMS, 2008 WL 4809960, at *6 (E.D. Cal. Nov. 3, 2008) (dismissing the plaintiff's class allegations pursuant to Rule 12(b)(6)); *Mauro v. General Motors Corp.*, No. CIV-S-07-892 FCD GGH, 2008 WL 2775004, at *5, 9-10 (E.D. Cal. Jul. 15, 2008) (granting in part Rule 12(b)(6) motion to dismiss deficient class claims).

The analysis of the sufficiency of the class action pleading does not mean that a court is engaged in a premature certification analysis. Rather, the standard recognizes that *all* allegations, including those related to class treatment, must contain sufficient facts for a court to determine that a plaintiff is entitled to move forward and subject defendants to the rigors, burdens, and costs of the discovery in a class action. Class allegations must comply with the *Twombly* and *Iqbal* pleadings

---

[6] For example, Plaintiff fails even to adequately define the similarly situated employees she seeks to represent for her FLSA claims. Since the first cause of action for failure to pay overtime references both the FLSA and California Labor Code, Defendant might assume that Plaintiff is purporting to bring FLSA claims on behalf of only those employees subject to both laws (i.e. California employees only). However, the FAC merely asserts that the FLSA claims are brought on behalf of "numerous other current and former hourly, non-exempt employees," which might be interpreted to refer to non-California employees, as well. (FAC, ¶ 42.) To the extent Plaintiff seeks to represent non-California employees, the FAC fails to provide enough factual allegations to permit Defendant to determine whether it must address in its answer any differences between California and Federal law standards as to non-exempt classification, calculation of the regular rate of pay, and overtime requirements generally (as well as the resulting reasons why these differences render her class or collective action claims inappropriate).

standards in order to proceed to discovery. *See, e.g.*, *Nicholas v. CMRE Fin. Servs.*, No. 08-04857 (JLL), 2009 WL 1652275, at *4 (D.N.J. June 11, 2009) (holding that complaint does not set forth a sufficient factual basis for its class allegations and legal conclusions based on the language of the class action pleading requirements under Rule 23 do not comply with Rule 8(a)'s pleading requirement.)

Rejecting the argument that challenges to the plaintiff's class allegations should be reserved for the class certification stage, a district court explained the basis for requiring proper pleadings prior to class certification discovery:

> Plaintiffs' argument that LSS is, in essence, challenging certification of the class and its motion is premature because they have not conducted discovery on the issue or sought class certification, is misplaced. ***While discovery may be appropriate in certain cases prior to the notice phase*** *to assist the plaintiffs in identifying potential class members,* ***that does not relieve plaintiffs of their obligation of filing a properly pled complaint in the first instance demonstrating that they are entitled to that discovery.***

*Hodczak v. Latrobe Specialty Steel Co.*, No. 08-649, 2009 WL 911311, at *9 (W.D. Penn., Mar. 31, 2009) (emphasis added).

The reason for enforcement of this pleading requirement to class action allegations is clear. Without the courts acting as the gatekeeper, any employee who has suffered even a single violation of the Labor Code could simply allege, without any plausible basis, that some vague "policy" or "procedure" applied to a class of people about whom the plaintiff has no knowledge or information whatsoever. In doing so, they would needlessly subject a defendant to the expense and burden of litigating a representative action. Rule 8 and the pleading standards discussed in *Twombly* and *Iqbal* are designed to prevent such abuses.

Indeed, where alleged wage-and-hour violations are premised on the existence of an alleged policy, the plaintiff at minimum must allege what the policy is coupled with "facts that would plausibly suggest that members of the putative class are subjected to the same offending policies." *Mendez v. H.J. Heinz Company, L.P.*, No. CV 12-5652-GHK (DTBx), 2012 WL 12888526, at *2-3 (C.D. Cal. Nov. 13, 2012); *see also Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, No. SACV 14–1093 AG (ANx), 2015 WL 12912337, at *4 (C.D. Cal. Mar. 16, 2015). Similarly, courts have found allegations stating claims are "typical" of the class because the defendant subjected all of its employees to the same policy or practice are wholly conclusory and do not meet the minimum

pleading standards. *See, e.g., Ovieda*, 2012 WL 1627237, at *4 (allegation that defendant-employer subjected all hourly employees to identical violations of California Labor Code and Business and Professions Code found insufficient under federal pleading standards; "Plaintiff alleges no facts to demonstrate or even suggest that any member of the putative class had similar work experiences. The [operative pleading] fails to allege any facts showing that Defendants had any statewide policies or practices giving rise to Plaintiff's causes of action such that common questions of fact and/or law could provide class-wide answers and would be susceptible to class-wide proof.").

Here, Plaintiff seeks to represent all current and former non-exempt employees of Defendant, with no limitation on geographical location and no attempt to specify exactly which job classifications, positions, or workers she specifically wants to represent. (FAC ¶ 43.) While Plaintiff alleges generally that Defendant failed to pay overtime, provide accurate wage statements, and pay all unpaid wages upon termination—purportedly under both the California Labor Code and FLSA—the FAC fails to allege any facts to demonstrate that any member of the putative class, including those who worked in different positions and/or locations, had similar work experiences. *Bush*, 2018 WL 2047807, at *8 (plaintiff's identification of one instance she worked overtime does not support inference that thousands of putative class members not in plaintiff's position worked such hours); *Mendez*, 2012 WL 12888526, at *4 (plaintiff's allegations that a "policy and practice" existed could "at most" show the policies were implemented at plaintiff's worksite but "do not plausibly suggest that the policies are implemented on a statewide basis in California, much less on a national basis."). Indeed, Plaintiff has even failed to allege sufficient facts to establish her individual claims for relief.[7] (*See supra*, Section IV.A.)

Ultimately, Plaintiff's parroting of the underlying alleged Labor Code provisions to allege compliance with the class action requirements of Rule 23 of the Federal Rules of Civil Procedure is wholly insufficient under *Twombly*, *Iqbal* and *Landers*. *Byrd*, 2016 WL 756523, at *4 (dismissing

---

[7] As the Court recently explained, even if a complaint's class allegations are sufficient—which here they are not—the class claims must be dismissed because her underlying individual claims are insufficiently pleaded. *Haggard v. WinCo Foods, LLC*, No. 2:18-cv-01797-MCE-EFB, 2019 WL 172864, at *4 n.4 (E.D. Cal. Jan. 11, 2019) (England, J.) (dismissing class claims where individual claims were insufficient and noting that plaintiff's class action allegations also "appear lacking"); *Anderson v. Blockbuster Inc.*, No. 2:10-cv-00158 MCE-GGH, 2010 WL 1797249, at *4 (E.D. Cal. May 4, 2010) (England, J.) (dismissing class claims where individual claims were insufficient.)

plaintiff's class action allegations because he alleged "no facts to demonstrate or even suggest that any member of the putative class had similar work experiences" to plaintiff). Plaintiff must provide grounds for class relief that amount to more than mere generic and conclusory assertions, but she has failed to do so. The FAC fails to allege any facts to show how putative class members consisting of ***all*** Defendant's non-exempt employees, in varying jobs and in different work locations across the country, were subjected to the same alleged Labor Code and/or FLSA violations on a uniform basis. Indeed, no factual allegations even attempt to address the different standards applicable to regular-rate claims under the Labor Code and FLSA. Plaintiff instead seeks to certify a nationwide class that is impermissible as a matter of law. Indeed, the FAC seeks certification of a nationwide class for Labor Code claims that don't apply outside of California or for FLSA claims that cannot be pursued under Rule 23.

The Court should not "unlock the doors of discovery" and permit Plaintiff to engage in a class-wide fishing expedition based on threadbare allegations. Rather, the Court should dismiss or strike Plaintiff's representative allegations because the FAC fails to allege facts to plausibly show that any of Plaintiff's claims can be established with representative evidence.

## V.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the FAC in its entirety. Alternatively, Defendant requests that the Court strike any claim for injunctive relief and strike any allegations seeking a representative action.

DATED: October 17, 2019

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Phillip J. Ebsworth*
      Simon L. Yang
      Phillip J. Ebsworth
Attorneys for Defendant
PROGRESSIVE CASUALTY INSURANCE COMPANY