UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACRISHA BILOG, an individual, | No. 2:19-cv-01236-MCE-CKD |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, and Does 1-100, inclusive, | |
| Defendants. | |

Through the present lawsuit, Plaintiff LaCrisha Bilog ("Plaintiff") seeks relief on behalf of herself and others similarly situated against her former employer, Defendant Progressive Casualty Insurance Company ("Defendant" or "Progressive"). According to the operative First Amended Complaint ("FAC"), Progressive failed to correctly calculate the regular rate of pay during pay periods in which Plaintiff and putative class members worked overtime and "received commissions, non-discretionary bonuses and/or other items of compensation" that should have been calculated into regular pay but were not. Plaintiff alleges these discrepancies caused her and other members not to receive the overtime pay to which they were entitled. As a result, when Plaintiff's and other class members' employment ended, they failed to receive unpaid wages which were owed, and their wage statements were inaccurate. Plaintiff's FAC consequently alleges five

wage-and-hour related causes of action for violations of the federal Fair Labor Standards Act, the California Labor Code, and the California Business and Professions Code.

Presently before the Court is Progressive's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] on grounds that the FAC fails to state claims upon which relief can be granted. Progressive also seeks to strike Plaintiff's proposed class definition and allegations for failure to meet minimum pleading standards. As set forth below, with one exception, Progressive's Motion is DENIED.

## BACKGROUND[2]

Plaintiff worked for Progressive from approximately November 2015 to April 2019. As a non-exempt employee, she was eligible for overtime pay under applicable statutes, rules, and regulations, both state and federal. Plaintiff alleges that during her tenure of employment, she and other non-exempt personnel received commissions, non-discretionary bonuses and other items of compensation that included, but were not limited to, "performance and wellness bonuses, 'gainshare', 'Non Tobacco Use' credits, 'R&R Earned', and shift differentials." See FAC, ¶ 11 and Exs. 1 and 2. According to Plaintiff, these components of additional pay should have been used to properly calculate overtime wages but at times were not.

Plaintiff has attached four wage statements to her complaint which show that she received various non-discretionary payments during four different pay periods, but that the amounts of those payments were not added to her regular rate of pay for purposes of calculating overtime wages during the same pay periods. Plaintiff alleges, for example, that on December 15, 2017, she received a non-discretionary "Gainshare Odd Year" performance bonus for the 2017 calendar year. Although she worked 60.75 hours

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

[2] Unless otherwise indicated, the facts set forth in this Section are taken, at times verbatim, from the allegations contained in Plaintiff's FAC. ECF No. 13.

2

of overtime during the same 2017 period, Progressive failed to incorporate that bonus into her "regular rate of pay" for purposes of calculating overtime, and accordingly Plaintiff was underpaid. Id. at ¶ 19.

Plaintiff cites several other similar examples. During the pay period between October 22, 2017 and November 4, 2017, She claims she earned a non-discretionary "Non-Tobacco Use Discount" of $15.00, but that Defendant again failed to incorporate that payment into the 8.25 hours of overtime Plaintiff earned during that earnings period. Id. at ¶ 20. Additionally, for the periods ending May 19, 2018, and June 2, 2018, Plaintiff earned not only a non-discretionary "Non Tobacco Use Discount" but also a non-discretionary "Recognition Award', both of which she claims should have been reflected in the overtime she received. Id. at ¶¶ 21-22.

Plaintiff further alleges that the final paycheck she received when her employment ended (FAC, Ex. 5) did not include the balance of the unpaid overtime she earned but was not paid. Moreover, because of the above-enumerated discrepancies, Plaintiff alleges that the wage statements Defendant issued to her and other employees who received similar payments did not properly reflect the correct applicable rates and wages earned.

In moving to dismiss, Progressive argues that the FAC includes insufficient information as to just how Plaintiff claims she was entitled to overtime but did not receive it in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201, et seq ("FLSA") and Sections 510 and 1198 of the California Labor Code. Progressive goes on to claim that Plaintiff's other causes of action, which derive from her failure to pay overtime claim, similarly fail. Defendant also avers that any claim premised upon failure to pay wages upon the cessation of Plaintiff's employment fails because Plaintiff fails to specify whether she was terminated or resigned. In addition, Progressive contends that as a former employee, Plaintiff has no standing to pursue injunctive relief restraining its future conduct. Finally, Defendant takes issue with the sufficiency of Plaintiff's class action allegations and move to strike those averments.

# STANDARD

## A. Motion to Dismiss

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their

claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

### B.     Motion to Strike

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds 510 U.S. 517 (1994) (internal citations and

quotations omitted).  Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.  Id.

# ANALYSIS

### A.  Failure to Pay Overtime

Relying on the Ninth Circuit's decision in Landers v. Quality Communications, Inc., 771 F.3d 638 (9th Cir. 2014), which considered Rule 8(a)'s pleading requirements for unpaid wages or overtime, Progressive contends that Plaintiff's First Cause of Action, for Unpaid Overtime, fails to state any plausible claim.  Defendant points out that while Landers recognized that "detailed factual allegations" are not required in this regard, some facts in addition to mere conclusory assertions are nonetheless required.  Id. at 644.  According to Progressive, Plaintiff's claim is insufficient because "[n]o information is provided as to the circumstances--- including when, or for what reasons, if any" why overtime was not paid.  Defs. Memo, ECF No. 15-1: 4:21-22.

The Court disagrees.  Plaintiff's FAC discusses four different earning statements (and attaches those statements as exhibits).  From those statements, Plaintiff identifies items of compensation which should have been added to her regular rate of pay for purposes of calculating overtime.  Those items include a 2017 yearly bonus, which Plaintiff alleges was non-discretionary, as well as bonuses for refraining from using tobacco and a non-discretionary "Recognition Award."  Moreover, according to the FAC, those items should have been added to Plaintiff's regular rate of pay for purposes of calculating overtime but were not.  Those allegations are specific and not conclusory or formulaic as Progressive appears to allege.  While Defendant does allege that no specifics concerning any unpaid commissions are included, commissions are merely one component of an umbrella of additional compensation forms identified by the First Cause of Action, which also includes non-discretionary bonuses as well as other items of compensation.  Since Plaintiff has identified both alleged non-discretionary bonuses and

additional payments in the form of a recognition award and credits for not using tobacco, her First Cause of Action suffices even in the absence of additional particulars as to any commission earnings.  Whether all those items should indeed be added to Plaintiff's base wage for purposes of calculation is a matter that will have to be tested through discovery and the remainder of the litigation process.  In the meantime, Plaintiff has sufficiently stated a claim.

### B.   Failure to Pay Wages Owed Upon Cessation of Employment

Progressive's primary argument with respect to the Second Cause of Action, for Failure to Pay All Wages Due Upon Termination pursuant to the FLSA, is that because any claim in that regard (for so-called "waiting time" penalties) is necessarily derivative of Plaintiff's First Cause of Action (for Failure to Pay Overtime itself), the Second Cause of Action fails for the same reason as the First.  That argument misses the mark since the Court has concluded above that Plaintiff's overtime claim is indeed viable.

Progressive also alleges, however, in attacking the Second Cause of Action, that Plaintiff's claim fails because the FAC does not specify whether she was terminated (and would consequently have a potential claim for unpaid wages under California Labor Code § 201), or instead resigned in which case the provisions of § 202 would apply with respect to exactly when the unpaid wages were due.[3]  Defendant maintains that the two provisions are mutually exclusive and that because it cannot be determined from the face of the FAC which provision applies the Second Cause of Action should be rejected for failure to provide the requisite specificity.

Because the Second Cause of Action is based on the FLSA, however, and since it is unquestioned that the FLSA contains provisions that apply in either instance and would pertain to Plaintiff irrespective of how her employment ended, the Court believes that it will be readily apparent through discovery the circumstances of Plaintiff's

///

---

[3] Under § 202, an employer must pay all wages within 72 hours following resignation, whereas if an employee is fired all wages earned and unpaid at the time of discharge are due and payable immediately in accordance with § 201.

7

departure and the precise basis of her claim for unpaid wages upon the cessation of her employment.  There is no reason to require more specificity at this early juncture.

Moreover, and even more significantly, courts have held that Rule 8's pleading requirements are met in a wage and hour claim where a Plaintiff simply alleges without further detail that his or her employment ended, just as Plaintiff has done here.  See, e.g., Lopez v. Wendy's Int'l. Inc., No. CV 11-00275 MMM (JCx), 2012 WL 13014600 at *11  (C.D. Cal. 2012) (holding that waiting time penalty claim was sufficiently pled, stating that liability clearly did "not turn on whether wages to which [the plaintiff] was entitled were paid immediately or within 72 hours, but [instead] on whether [plaintiff] was entitled to the wages she claim[ed] at all."); Mitchell v. Corelogic, Inc., No. SA CV 17-2274-DOC (DFMx), 2018 WL 6118444 at *13 (C.D. Cal. 2018) (finding that plaintiffs adequately alleged a claim for failure to pay wages at "cessation of employment"). Further, in response to Progressive's argument that the issue should be framed in terms of whether Plaintiff has standing to pursue one variant or the other on behalf of other similarly situated individuals, courts have also determined that where entitlement to waiting time penalties does not turn, as here, on the fact of termination versus resignation, an employee who was terminated has standing to represent employees who resigned.  Alikhan v. Goodrich Corp., No. CV 17-6756-DMG (RAOx), 2018 WL 6333673 at *3 (C.D. Cal. 2018) (citing Melendres v. Arpaio, 784 F.3d 1254, 1262 (9th Cir. 2015).

### C. Failure to Furnish Accurate Itemized Wage Statements

Citing decisions from both the Central and Northern Districts, Progressive contends that Plaintiff's Third Cause of Action, for failure to furnish accurate itemized wage statements in contravention of California Labor Code § 226(a), fails because Plaintiff has failed to allege sufficient facts to show how the wage statement prevented Plaintiff from "promptly and easily" determining the information she required.  See de Rios v. Gerard Roof Products, LLC, No. 5:18-CV-1163 SJO (FFMX), 2018 WL 6016952 at *6); Suarez v. Bank of America Corp., No. 18-cv-01202-MEJ, 2018 WL 2431473 at *13 (N.D. Cal. 2018).

Plaintiff has nonetheless pled that she and other non-exempt employees "were unable to promptly and easily determine their gross wage earned from the wage statements furnished by Defendant" (FAC, ¶ 31), and in light of the payroll statements provided and the numerous cryptic categories of additional compensation claimed therein, that claim does not lack factual plausibility.  Defendant's challenge to the viability Third Cause of Action therefore fails.

Having made that determination, however, the Court nonetheless notes Progressive's argument that the relief sought by way of the Third Cause of Action is improper to the extent that it requests injunctive relief.  According to Defendant, as a former employee, Plaintiff lacks standing to bring a claim against Progressive under § 226 because she no longer stands to benefit from an injunction.  See Luna v. Universal City Studios Prods. LLLP, No. CV 12-9286 PSG (SSx), 2013 WL 12308201 at * 8 (C.D. Cal. 2013); Holak v. Kmart Corp., No. 1:12-cv-00304 AWI MJS, 2012 WL 6202298 at *8 (E.D. Cal. 2012) ("An inunction 'to ensure compliance' with Section 226(a) is a form of prospective relief that necessarily affects only current and future employees.").  Plaintiff fails to oppose that argument and accordingly the FAC's prayer for relief as to the Third Cause of Action, to the extent it requests injunctive relief, will be stricken.

### D.  Unfair Competition

Plaintiff's Fourth Cause of Action, for Unfair Business Practices in violation of California Business and Professions Code §§ 17200, et seq., necessarily relies upon Defendant's violation of other laws as set out in the First through Third Causes of Action. Progressive's Motion to Dismiss that claim rests solely on the fact that because Plaintiff has failed to state a cause of action under any of those underlying claims, the derivative unfair competition claim must also be dismissed.  See Def.'s Memo, ECF No. 15-1, 10:11-22 and case cited therein.  As explained above, because that premise lacks merit, Plaintiff's Fourth Cause of Action also survives.

///

### E. Class Action Allegations

Plaintiff seeks to represent a class of "[a]ll current and former non-exempt employees of Defendant who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime during one or more pay period from July 3, 2015 through the date of final judgment." FAC, ¶ 43. While conceding that courts should generally refrain from ruling on the issue of class certification at the pleadings stage, Progressive argues that Plaintiff must still plead specific facts showing an entitlement to relief on a classwide basis. Because it claims that basic Rule 8(a) pleading standards have not been met in this instance, Defendant urges the court to dismiss or strike the class action allegations. It argues that "<u>all</u> allegations, including those related to class treatment, must contain sufficient facts for a court to determine that a plaintiff is entitled to move forward and subject defendants to the rigors, burdens, and costs of the discovery in a class action." Def.'s Memo, ECF No. 15-1, 11:18-21. Progressive further maintains that Plaintiff has "not demonstrate[d] that any member of the putative class, including those who worked in different positions and/or locations, had similar work experiences." Id. at 13:13-14. According to Defendant, Plaintiff has made "no attempt to specify exactly which job classifications, positions, or workers she specifically wants to represent." Id. at 13:8-10.

Progressive asks for too much at this early stage of the proceeding. As the Supreme Court and courts within this circuit have indicated, it is generally improper to strike class action allegations on the pleadings. "An order striking class allegations is functionally equivalent to an order denying class certification. <u>Microsoft v. Baker</u>, 137 S. Ct. 1702, 1711 n.7 (2017); <u>Johnson v. WinCo Foods, LLC</u>, 2018 WL 6017012 at *22 (C.D. Cal. 2018). "Class allegations are generally not tested at the pleading stage and instead are usually tested after one party has filed a motion for class certification." <u>Romero v. Securus Techs., Inc</u>., 216 F. Supp. 3d 1078, 1095 (S.D. Cal. 2016). "[T]he granting of motions to dismiss class allegations before discovery has commenced is rare . . . the better course is to deny such a motion because 'the shape and form of class

action' evolves only through the process of discovery." In re Wal-Mart Stores, Inc. Wage and Hour Litigation, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2008).

Progressive also overreaches in arguing that the classes are so ill-defined so as to defy any meaningful assessment. As Plaintiff points out, the FAC specifically defines our separate subclasses: 1) a "Regular Rate Class" that pertains to Plaintiff's FLSA overtime claim; 2) a "California Regular rate Class" that pertains to Plaintiff's California Labor Code overtime claim; 3) a "California Waiting Time Penalty Class" that include those California employees who Plaintiff alleges would be entitled to waiting time penalties under California Labor Code § 203 for underpayment of overtime wages based on Plaintiff's regular rate theory; and 4) a "California Wage Statement Class" that include those employees who Plaintiff contends received inaccurate wage statements in the year preceding the commencement of this lawsuit, based on Plaintiff's theory that such individuals were not paid overtime due to miscalculation of their regular rate. See Pl.'s Opp, ECF No. 17, 14:20-15:8; FAC, ¶ 43.

In addition, Plaintiff's classwide theory appears, on the basis of the averments contained within the FAC, to be premised on allegations that Progressive "had a uniform policy and practice of failing to properly incorporate items of compensation earned by its non-exempt employees . . . into . . . regular rates of pay for purposes of overtime compensation." Id. at 15:9-12, citing FAC, ¶¶ 10-23. Those allegations of commonly applied payroll practices transcend any difference between individual employees and cut against Progressive's argument that Plaintiff has not shown any similarity in treatment vis-à-vis Progressive's employees that could justify class treatment. As Plaintiff remarks, there is "nothing about [her] theory of liability [that] turns on any idiosyncrasies of her position and [the FAC's] allegations are equally applicable to any non-exempt employee of Defendant who earned compensation that was required to be included in their regular rate of pay and who also worked overtime." Id. at 15:22-25.

Given these circumstances, the Court declines to dismiss and/or strike the class action allegations contained in the FAC at this juncture of these proceedings.

**CONCLUSION**

For all the above reasons, Defendant Progressive's Motion to Dismiss or Strike (ECF No. 15) is DENIED, except with regard to the availability of injunctive relief in Plaintiff's Third Cause of Action.  Plaintiff has failed to oppose Defendant's Motion as to the availability of such relief and the Motion is accordingly GRANTED as to that issue only.[4]  To the extent the FAC's prayer requests such relief, those allegations are STRICKEN.  Given Plaintiff's non-opposition, and because the Court does not believe that further amendment will justify Plaintiff's request for injunctive relief as to the Third Cause of Action, no further leave to amend will be permitted.

IT IS SO ORDERED.

Dated:  June 8, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[4] Having determined that oral argument would not be of material assistance, the Court ordered the Motion submitted on the briefs pursuant to Local Rule 230(g).

12